THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Nicole C.,<br><br>    Plaintiff,<br><br>v.<br><br>Michelle King, Acting Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | **ORDER ADOPTING [ECF NO. 28]<br>REPORT AND RECOMMENDATION<br>AND OVERRULING [ECF NO. 29]<br>PLAINTIFF'S OBJECTION TO<br>REPORT AND RECOMMENDATION**<br><br>Case No. 1:24-cv-00007-DBB-JC B<br><br>District Judge David Barlow |

Before the court is Magistrate Judge Jared C. Bennett's Report and Recommendation reviewing the decision to deny disability benefits to Plaintiff Nicole C. ("Plaintiff").[1] Judge Bennett recommends that this court affirm the Social Security Administration's ("SSA") denial. The SSA's decision was supported by substantial evidence and applied the correct legal standard. Accordingly, the court adopts the Report and Recommendation, overrules Plaintiff's objection, and affirms the Commissioner's denial of benefits.

## BACKGROUND

Plaintiff filed for disability benefits due to various physical and mental impairments in July 2020.[2] Plaintiff's application was initially denied[3] and then denied upon reconsideration on

---

[1] Report and Recommendation ("R&R"), ECF No. 28, filed Nov. 1, 2024. To protect Plaintiff's privacy, the court refers to Plaintiff by her first name and last initial only.
[2] Administrative Record ("AR") 182–183, ECF No. 15, filed Feb. 21, 2024.
[3] AR 85–99.

May 9, 2022.[4] Plaintiff's application next was considered by an Administrative Law Judge ("ALJ") on March 6, 2023.[5] The ALJ issued a written decision denying Plaintiff's claim on June 29, 2023.[6] Plaintiff appealed the ALJ's decision, which the Appeals Council denied.[7]

Plaintiff then filed a complaint seeking review of the Commissioner's final decision.[8] The magistrate judge issued a Report and Recommendation that the Commissioner's decision be affirmed on November 1, 2024.[9] Plaintiff objected to the recommendation on November 15, 2024,[10] and the Commissioner responded on December 12, 2024.[11]

## STANDARD

When reviewing an objection to a Report and Recommendation, the district court should "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[12] Objections "must be both timely and specific to preserve an issue for de novo review."[13] "[G]eneral objection[s] [are] insufficient" to preserve the issue for review.[14] "[T]his court generally reviews unobjected-to portions of a report and recommendation for clear error."[15]

---

[4] AR 101–109.
[5] AR 33.
[6] AR 14–28.
[7] AR 1–6.
[8] Complaint, ECF No. 2, filed Jan. 19, 2024.
[9] Report and Recommendation ("R&R"), ECF No. 28, filed Nov. 1, 2024.
[10] Objection to Magistrate's Report and Recommendation ("Obj."), ECF No. 29, filed Nov. 15, 2024.
[11] Defendant's Response to Plaintiff's Objection to the Magistrate Judge's Report and Recommendation ("Resp."), ECF No. 32, filed Dec. 12, 2024.
[12] 28 U.S.C. § 636 (b)(1)(C).
[13] *United States v. 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[14] *Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012) (unpublished) (citing *2121 E. 30th St.*, 73 F.3d at 1060).
[15] *Zloza v. Indus. Co.*, No. 4:23-CV-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah 2023); *see also* Fed. R. Civ. P. 72 (b).

The ALJ uses a five-step sequential evaluation process to determine if a claimant qualifies as disabled under the Social Security Act.[16] The ALJ considers whether: (1) the claimant is presently engaged in substantial gainful activity; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the impairment meets or equals a listed impairment; (4) the claimant possess a residual functional capacity to perform past relevant work; and (5) the claimant possesses a residual functional capacity to perform other work in the national economy considering the claimant's age, education, and work experience.[17]

Reviewing courts should "neither reweigh evidence nor substitute our judgment for the Commissioner's."[18] The ALJ's decision is reviewed "only 'to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'"[19] Even if "the evidence may also have supported contrary findings, '[w]e may not displace the agency's choice between two fairly conflicting views.'"[20] "[T]he ALJ's decision [is] adequate if it discusses the 'uncontroverted evidence' the ALJ chooses not to rely upon and any 'significantly probative evidence' the ALJ decides to reject."[21]

## DISCUSSION

Plaintiff objects to three portions of the magistrate judge's recommendation. First, Plaintiff argues that the magistrate judge improperly rejected her summary of the record. Next,

---

[16] *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[17] 20 C.F.R. § 404.1520.

[18] *Trujillo v. Commissioner, SSA*, 818 F. App'x 835, 839 (citing *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014)).

[19] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003)).

[20] *Oldham v. Astrue*, 509 F.3d 1254, 1257–58 (10th Cir. 2007) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)).

[21] *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009) (quoting *Frantz v. Astrue*, 509 F.3d 1299, 1303 (10th Cir. 2007)).

she argues that the ALJ is the wrong person to evaluate if Plaintiff is disabled. Finally, Plaintiff argues that the ALJ's reasons for rejecting the opinions of her medical providers were improper.

First, the magistrate judge's statement that Dr. Roberge "never stated" that "Plaintiff would be off task at work 10 to 50 percent of an eight hour workday and would miss more than five days of work a month" is accurate.[22] The record shows that Dr. Roberge stated Plaintiff had "an inability to obtain and maintain gainful employment" but did not offer any estimation of how often Plaintiff would be off task or miss work.[23] Therefore, the magistrate judge's statement was correct.

Plaintiff next argues that the magistrate judge was wrong that the ALJ is the appropriate person to evaluate if Plaintiff had a psychiatric impairment that is disabling under the regulations.[24] However, neither the magistrate judge nor the ALJ applied the incorrect legal standard. Under the regulations, the ALJ must consider the evidence and determine whether an applicant has a disabling impairment.[25] Therefore, the magistrate's statement that the ALJ is the appropriate individual to determine whether Plaintiff's impairment was disabling is correct in this context.[26]

Plaintiff's objection then focuses on the ALJ's treatment of her providers' opinions. Plaintiff argues that these opinions highlighted her waxing and waning symptoms and that the

---

[22] R&R 6.
[23] AR 376.
[24] Obj 3.
[25] 20 C.F.R. § 404.1520b.
[26] R&R 7.

ALJ did not properly consider this evidence.[27] The Commissioner responds that the ALJ

followed the relevant regulations to evaluate Plaintiff's symptoms.[28]

Plaintiff asks this court to consider the evidence from her provider opinions, which the

ALJ found unpersuasive, to find that Plaintiff is disabled.[29] Plaintiff argues that "it is

inappropriate for an ALJ to use bipolar 2's waning symptoms (or even at times absence thereof)

as evidence to discount the waxing symptoms of bipolar 2 when, by its very nature, it has

symptoms that dramatically can wax and wane."[30] But the ALJ's decision is supported by

substantial evidence and applied the correct standards, so this court cannot displace his

judgment.

In his report, the ALJ found that Plaintiff's "statements concerning the intensity,

persistence and limiting effects of [her] symptoms are not entirely consistent with the medical

evidence and other evidence in the record."[31] The ALJ considered evidence from one of

Plaintiff's physicians, Dr. Mitchell, who suggested that Plaintiff "was severely limited by her

mental symptoms."[32] The ALJ found that Dr. Mitchell's claim regarding Plaintiff's limitations

"is not consistent with the largely normal mental status findings in the record nor the claimant's

varied and active daily activities."[33] The ALJ did not find the Global Assessment Functioning

---

[27] Obj. 5.
[28] Resp. 2–3.
[29] Obj. 3.
[30] Obj. 4. Plaintiff also claims that there is a "voluminous body of case law that highlights the medical science which indicates that treating mental illnesses in this manner is legally and culturally inappropriate." Obj. 6. It is unclear how the cases Plaintiff cites support this proposition. *Soderberg v. Kijakazi*, No. CV 20-1256 GBW, 2022 WL 884305, at *10 (D.N.M. 2022) (finding the ALJ did not commit reversible error); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008) (remanding because ALJ ignored the treating physician rule); *Nowling v. Colvin*, 813 F.3d 1110, 1120 (8th Cir. 2016) (remanding because ALJ did not follow governing regulations).
[31] AR 23.
[32] AR 24.
[33] *Id.*

(GAF) score Dr. Mitchell gave to Plaintiff persuasive.[34] Next, the ALJ considered Dr. Roberge's

opinion and found it unpersuasive. The ALJ reasoned that these opinions were either conclusory,

on issues reserved to the Commissioner, or were "not useful, ambiguous" and "inconsistent with

reports throughout [the] record."[35] The ALJ's opinion shows that he considered this evidence and

concluded that it was not consistent with the rest of the record, explaining his rationale for

finding the opinions unpersuasive.[36] Accordingly, this court may not reweigh this evidence to

displace the ALJ's judgment.

     Plaintiff further contends that the ALJ's reason for rejecting Dr. Mitchell and Dr.

Roberge's opinions was erroneous. Plaintiff argues that a single high GAF score should not

negate other evidence of disability, arguing that the ALJ gave too much weight to a single high

GAF score.[37] However, the ALJ did not give one GAF score greater weight than another. The

ALJ found that the GAF score in question problematic, while also opining that GAF scores are

unpersuasive, reasoning that GAF scores are based on a single day, are necessarily vague and

highly subjective, and have not been endorsed for use in SSI disability programs.[38] Instead, the

ALJ was convinced by treatment records, Plaintiff's work history, and the State agency doctor's

report, which showed that Plaintiff's "impairments were not as limiting as she alleged."[39]

     As explained in the magistrate judge's report, the ALJ considered the evidence from Drs.

Mitchell and Roberge and resolved it with other conflicting evidence in the record with specific

---

[34] AR 26.
[35] AR 25.
[36] *Id.*
[37] Obj. 5.
[38] AR 26.
[39] *Id.*

reasons for doing so. Accordingly, the court may not displace the ALJ's choice between two conflicting views.[40]

## ORDER

For the reasons discussed above, it is hereby ordered that Plaintiff's Objection[41] to the Report and Recommendation is OVERRULED. It is further ordered that the Report and Recommendation[42] affirming the Commissioner's decision is ADOPTED in all respects.

Signed February 12, 2025.

BY THE COURT:

David Barlow
United States District Court Judge

---

[40] *See Allman v. Colvin*, <u>813 F.3d 1326, 1333</u> (10th Cir. 2016); *Zoltanski v. F.A.A.*, <u>372 F.3d 1195, 1200</u> (10th Cir. 2004).
[41] ECF No. 29.
[42] ECF No. 28.